**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:15CV-00061-JHM**

**JAMES E. EVANS**                                                                                       **PLAINTIFF**

**V.**

**MUHLENBERG COUNTY, KENTUCKY,**
**and MICHAEL A. DRAKE, in his individual capacity**                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants, Muhlenberg County, Kentucky, and Michael A. Drake, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 12]. Fully briefed, this matter is ripe for decision.

**I. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.

Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'"  Id. at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).  It is against this standard the Court reviews the following facts.

## II.  BACKGROUND

On August 24, 2014, Plaintiff James Evans posted on Facebook a portion of the lyrics

from a song entitled *Class Dismissed (A Hate Primer)* by the band Exodus.  The post contained

the following lyrics without quotation or citation to the band, the song title, or any additional

text:

> Student bodies lying dead in the halls
> A blood splattered treatise of hate
> Class dismissed is my hypothesis
> Gun fire ends he [sic] debate
> All I ever wanted was a little affection
> But no one ever gave it to me
> My hate primer's the result of my rejection
> You'll die for it, and I'll die for thee

(Complaint ¶ 10.)  At the time of Plaintiff's Facebook post, his Facebook page was viewable by

third parties irrespective of whether or not they were Plaintiff's Facebook friends.

Plaintiff's Facebook post came to the attention of law enforcement officials, and they

initiated a multi-agency investigation into the post.  The participating officers included members

of the Greenville Police Department, Central City Police Department, Muhlenberg County Police

Department, Kentucky State Police, Powderly Police Department, and Muhlenberg County

Police Department.  They communicated with each other about the post via a group text.  The

participating officers, including Defendant Michael Drake, learned that Plaintiff had on several

occasions posted lyrics from other songs on Facebook and that Plaintiff's August 24th post

consisted of lyrics from a song published by Exodus.

In an effort to speak with Plaintiff, officers from the Greenville Police Department and

the Kentucky State Police went to the Greenville Park Apartments on August 24, 2014, to

2

interview Plaintiff.   However, the responding officers learned that Plaintiff did not live in

Greenville, but in Central City.   Officers from the Central City Police Department located

Plaintiff at his residence on August 24th and interviewed him about the post.   Plaintiff

cooperated with the investigation and answered the officers' questions.   After conducting their

interview of Plaintiff, the Central City Police officers left without arresting or otherwise charging

Plaintiff with any criminal offense.   Plaintiff alleges that he informed the officers that he did not

intend to communicate a threat and that no reasonable person could have construed it as such in

light of the above information.

With full knowledge of the investigation conducted, Defendant Drake, a Muhlenberg

County school Safety Resource Officer[1], submitted a sworn Criminal Complaint/Affidavit on

August 25, 2014, in support of an arrest warrant for Plaintiff.   Drake's affidavit stated in its

entirety:

> The Affiant, Officer Mike Drake, states that on 8/24/2014
> in MUHLENBERG County, Kentucky, the above named
> defendant unlawfully: committed the offense of Terroristic
> Threatening, to-wit: by threatening to kill students and or staff at
> school.

(Complaint at ¶ 31.)   The   Affidavit did not provide details about the specific language of the

alleged threat, whether the threat specified a particular school, building, vehicle, or event; or the

manner in which the treat was communicated.   Additionally, Plaintiff points out that Drake did

not include in his affidavit any information that he learned through the multi-agency

investigation including: the threat consisted solely of song lyrics; lyrics were from a song

recorded by the band Exodus; the alleged threat was communicated via a Facebook post;

Plaintiff previously posted lyrics from other songs on Facebook; officers located and interviewed

---

[1] Drake's job as a Muhlenberg County school system's Safety Resource Officer was not contained in the
Complaint of this matter.

Plaintiff; Plaintiff cooperated with the investigation; and Plaintiff denied threatening anyone by posting the lyrics online.  Plaintiff alleges that by stating that he threatened to kill students and/or staff at school, Defendant Drake knowingly and intentionally made a material misstatement of fact.  Further, Plaintiff contends that Defendant Drake knowingly and intentionally omitted relevant and material information from his affidavit that, had it been included, would have established that probable cause did not exist to arrest Plaintiff.

As a result of the affidavit, an arrest warrant was issued on August 25, 2014, for Plaintiff's arrest for the felony offense of Terroristic Threatening in the First Degree.  On August 26, 2014, Plaintiff was arrested and remained in custody until September 3, 2014, because he did not have the bond required to obtain his release.  On September 3, 2014, Plaintiff was released on his own recognizance.  Ultimately, the sole charge was dismissed.  During the criminal prosecution, no probable cause hearing was held, and no grand jury returned an indictment against Plaintiff.

Plaintiff filed this civil rights action against Defendants Michael Drake individually and against Muhlenberg County, Kentucky, pursuant to 42 U.S.C. § 1983 alleging that he was unlawfully seized, incarcerated, and prosecuted by Defendants without probable cause in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.  Plaintiff also asserts a state law claim against Defendant Drake in his individual capacity for malicious prosecution.

### III.  DISCUSSION

Defendants argue that dismissal of Plaintiff's civil rights action under 42 U.S.C. § 1983 should be granted because the individual capacity claims against Drake are barred by qualified immunity either because Drake did not violate Plaintiff's rights or because Drake's actions did

4

not violate a clearly established right such that a reasonable official would have known of the unlawfulness of the conduct.  Similarly, Muhlenberg County asserts that Plaintiff's Monell claim must be dismissed because Plaintiff has failed to demonstrate that a constitutional violation occurred.  Additionally, the County also asserts that the complaint lacks the requisite specificity to adequately state a cause of action for municipal liability.

### A.  Qualified Immunity

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Miller v. Sanilac County, 606 F.3d 240, 247 (6th Cir. 2010)(quoting Phillips v. Roane County, 534 F.3d 531, 538 (6th Cir. 2008)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To demonstrate that Defendants are not entitled to qualified immunity, Plaintiff must prove that a constitutional right was violated and that the right was clearly established at the time of the violation, i.e., that a reasonable officer confronted with the same situation would have known that a warrantless search of Plaintiff's business would violate the Plaintiff's right.  Scott v. Harris, 550 U.S. 372, 377 (2007).  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Ammex, Inc. v. Durant, 381 Fed. Appx. 482, 485 (6th Cir. 2010) (quotation omitted).   Considering the facts in the light most favorable to the Plaintiff, the Court finds that dismissal of Drake on the basis of qualified immunity is premature.

Initially, the Sixth Circuit has been clear that "[i]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an

officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." Wesley v. Campbell, 779 F.3d 421, 433–34 (6th Cir. 2015) (internal citations and quotations omitted); See Grose v. Caruso, 284 Fed. Appx. 279, 283 (6th Cir. 2008); Gavitt v. Born, 2015 WL 5013844, *8-9 (E.D. Mich. Aug. 24, 2015). "The reason for this is simple: determining whether an official's conduct was 'objectively reasonable'—a central component of the application of qualified immunity—requires careful consideration of the entire record." Gavitt, 2015 WL 5013844, *8-9 (citing Jacobs v. City of Chicago, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal.")).

Moreover, notwithstanding the Sixth Circuit's general admonition against granting qualified immunity at the pleading stage, the allegations in Plaintiff's complaint, accepted as true, suggest that Drake would not be entitled to immunity. With respect to the Fourth Amendment false arrest claim, Plaintiff alleges that Drake deprived him of his civil rights by causing an arrest warrant to be issued without probable cause. "To show in response to a motion to dismiss that the arrest was wrongful, [Plaintiff] must plausibly allege that it was unsupported by probable cause." Wesley, 779 F.3d at 429 (citing Thacker v. City of Columbus, 328 F.3d 244, 255 (6th Cir. 2003)). "An officer possesses probable cause when, at the moment the officer seeks the arrest, "the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense.'" Id. (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964). "A probable cause determination is based on the 'totality of the circumstances,' and must take account . . . 'both the inculpatory *and* exculpatory evidence.'" Id.

6

(citation omitted).  "Although precedent 'does not mandate that law enforcement operatives should conduct quasi-trials as a necessary predicate to arrest, an officer cannot simply turn a blind eye toward evidence favorable to the accused or ignore information which becomes available in the course of routine investigations."  Wesley, 779 F.3d at 429 (internal citations and quotations omitted).

Here, Plaintiff offers a number of specific allegations in support of his contention that Drake omitted critical information from the investigation that would support the conclusion that probable cause did not exist to support Plaintiff's arrest.  Specifically, Drake failed to include in his affidavit the following information: the specific language of the alleged threat, the manner of communication of the alleged threat, the alleged threat consisted solely of song lyrics, the Central City Police Department interviewed Evans, Evans cooperated with law enforcement, and Evans stated he did not intend to threaten anyone by posting the song lyrics.  Furthermore, the Sixth Circuit has held that "in the context of an officer's application for an arrest warrant from a neutral magistrate, the officer violates clearly established law when he makes material omissions that are 'deliberate . . . or show[ ] reckless disregard for the truth.'"  Wesley, 779 F.3d at 428-429 (quoting Gregory v. City of Louisville, 444 F.3d 725, 758 (6th Cir. 2006)).

Similarly, with respect to Plaintiff's claim of malicious prosecution against Drake, the allegations in Plaintiff's complaint, taken as true, suggest that Drake is not entitled to qualified immunity on this claim at this stage of the litigation.  The Sixth Circuit recognizes "a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration."  Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010) (internal quotation marks and alterations omitted).  "The tort of malicious prosecution is entirely distinct from that of false arrest, as the malicious-

prosecution tort remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process." Id. (internal quotation marks omitted). "To succeed on a Fourth Amendment malicious prosecution claim under § 1983 . . . , a plaintiff must prove the following: (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." Robertson v. Lucas, 753 F.3d 606 (6th Cir. 2014)(citing Sykes, 625 F.3d at 308–09).

In the present case, Plaintiff alleges that in seeking and obtaining a warrant for Plaintiff's arrest, Drake made, influenced, or participated in the decision to prosecute Plaintiff; that due to material omissions, the warrant lacked probable cause; that Plaintiff suffered a deprivation of liberty apart from the initial seizure; and that the criminal proceedings were resolved in his favor. Furthermore, it is well established in the Sixth Circuit that "[p]olice officers cannot, in good faith, rely on a judicial determination of probable cause when that determination was premised on an officer's own material misrepresentations to the court." Gregory v. City of Louisville, 444 F.3d 725, 758 (6th Cir. 2006). Thus, taken as true, Plaintiff's allegations plausibly show that Drake is not entitled to qualified immunity because his application for an arrest warrant contained omissions that are arguably "deliberate . . . or showed reckless disregard for the truth" and were "material to the finding of probable cause." Id.

Thus, the Court concludes that Plaintiff successfully pleaded a violation of his clearly established Fourth Amendment right against wrongful arrest and malicious prosecution and that the strength of Plaintiff's complaint also requires rejection of Drake's claim to qualified

8

immunity.  As such, the Court denies Plaintiff's motion to dismiss on qualified immunity grounds at this time.

### B. **Monell** Liability

Muhlenberg County seeks dismissal of Plaintiff's <u>Monell</u> claim arguing that the complaint fails to adequately allege a municipal custom or policy.  Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978).  However, municipal liability "may be imposed for a single decision by municipal policymakers under appropriate circumstances," such as "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480, 482 (1986). In other words, municipal liability will attach for an official's activity where the official is "responsible for establishing final government policy respecting such activity." <u>Id</u>. at 483.

In the present case, Plaintiff alleges in his complaint that Muhlenberg County granted Officer Drake final decision-making authority as a member of the Muhlenberg County Police Department on matters related to school-related content.  Further, Plaintiff alleges that by choosing to seek a warrant for Plaintiff's arrest due to the school-related content of Plaintiff's Facebook post, Defendant Drake's decision represented an official policy of Defendant Muhlenberg County, Kentucky.  Construing the complaint in the light most favorable to Plaintiff, the Court rejects Muhlenberg County's argument that Plaintiff fails to allege a policy or custom on the part of the municipality.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by

Defendants, Muhlenberg County, Kentucky, and Michael A. Drake, to dismiss pursuant to Fed.

R. Civ. P. 12(b)(6) [DN 12] is **DENIED**.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
**United States District Court**

October 21, 2015

10